UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 99-70 |
| GUILLERMO MARZON | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Guillermo Marzon's[1] motion for compassionate release.[2] The Government opposes the motion.[3] Because the defendant has not shown that he has exhausted his administrative remedies, and because he does not meet the requirements for compassionate release, the Court denies his motion.

### I.   BACKGROUND

On July 28, 1999, the defendant pleaded guilty to (1) one count of conspiracy to distribute cocaine hydrochloride; (2) one count of aiding and

---

[1] Defendant was sentenced in the Eastern District of Louisiana under the name "Guillermo Marzon," but his BOP records use the name "Federico Rivera." For the purposes of this order, the Court refers to the defendant as "Guillermo Marzon."
[2] R. Doc. 343.
[3] R. Doc. 345.

abetting a carjacking and theft of a motor vehicle; and (3) four counts of conspiracy to commit murder while conspiring to distribute cocaine.[4]

On August 12, 1999, Marzon was sentenced to a term of twenty years of imprisonment for each count, to be served concurrently.[5] The sentence was to be served consecutively with a fifteen-year sentence imposed one year prior by the U.S. District Court for the District of Rhode Island.[6] Marzon's total term of imprisonment is therefore thirty-five years. Defendant has served approximately twenty-three years of that sentence. He is currently housed at the Williamsburg Federal Correctional Institution in Salters, South Carolina, with a projected release date of April 11, 2028.[7]

On February 22, 2021, defendant moved for compassionate release.[8] He represents that he suffers from type-2 diabetes, high blood pressure, glaucoma, an enlarged prostate, and a severe back injury.[9] He contends that these conditions put him at risk of becoming seriously ill from COVID-19,

---

[4] R. Doc. 42.
[5] R. Doc. 59.
[6] *See* R. Doc. 345-1. In the District of Rhode Island, Marzon was convicted of (1) conspiracy with intent to distribute and possess with intent to distribute cocaine; (2) possession with intent to distribute cocaine; and (3) use and carrying of a firearm during a drug-trafficking offense. *Id.* at 1-2.
[7] *See* Fed. Bureau of Prisons, *Find an Inmate* (2021), https://www.bop.gov/inmateloc.
[8] R. Doc. 343.
[9] *Id.* at 2-3.

2

and that this risk warrants his release.[10]  The Government opposes defendant's motion, arguing that he has not exhausted his administrative remedies,[11] that his health conditions are well managed by his facility,[12] and that the sentencing factors in 18 U.S.C. § 3553(a) weigh against his release.[13]

The Court considers defendant's motion below.

## II.    DISCUSSION

As a threshold matter, Marzon has not shown that he has satisfied the exhaustion requirement for compassionate release.  The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Fifth Circuit has made clear that this exhaustion requirement is a "mandatory claim-processing rule" that the Court "*must* enforce." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *see*

---

| 10 | *Id.* at 3. |
| 11 | R. Doc. 345 at 12-15. |
| 12 | *Id.* at 16-18. |
| 13 | *Id.* at 18-20. |

3

*also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting that a failure to exhaust administrative remedies is "a glaring roadblock foreclosing compassionate release").

Federal regulations provide that an inmate's administrative request "shall at a minimum contain the following information:"

(1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.

(2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

28 C.F.R. § 571.61(a).

While Marzon submits documentation indicating that he requested compassionate release from the warden, and that his request was denied,[14] the Government submits evidence that Marzon's administrative request was deficient.[15] Specifically, Marzon did not propose reentry plans to the warden, nor did he raise to the warden the grounds for release that he now submits to this Court. Instead, Marzon's administrative request focuses largely on his mother's illness. He states that his mother was ill with diabetes, high

---

[14] R. Doc. 343 at 6.
[15] *See* R. Doc. 345-4.

4

blood pressure, and a breathing problem requiring an oxygen tank.[16] He further states that he signed a plea agreement to "do federal time[,] not to die [i]n prison," and that "[t]his virus can kill [him and his] mother."[17] He does not describe to the warden his own health conditions, nor does he explain how or why they put him at increased risk of severe illness from COVID-19.

Because Marzon's request did not explain his reentry plans, he has failed to provide the "minimum" information required for administrative requests, and therefore cannot be said to have exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). *See* 28 C.F.R. § 571.61(a)(2); *see also United States v. Murray*, No. 19-41, 2020 WL 4000858, at *5 (E.D. La. July 15, 2020) (finding that defendant did not exhaust administrative remedies because his administrative request "[did] not mention any specific proposed release plans that would allow the warden or the Court to evaluate whether his release into society would be feasible"). Further, that Marzon introduced new grounds for release that were not submitted to the warden similarly warrants a finding that he has not exhausted his administrative remedies. *See United States v. Samak*, No. 91-

---

[16] *Id.*
[17] *Id.*

5

189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) ("For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court." (citing *United States v. Walls*, No. 92-80236, 2020 WL 1934963, at *3 (E.D. Mich. Apr. 22, 2020))).

Even if defendant had properly shown that he exhausted his administrative remedies before pursuing release in this Court, he has failed to otherwise show that he is entitled to compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the Bureau of Prisons, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)"). Marzon's request for compassionate release fails to meet this standard.

Here, the § 3553(a) factors, specifically the "history and characteristics of the defendant," and the "need for the sentence imposed . . . to reflect the seriousness of the offense," 18 U.S.C. § 3553(a), militate against Marzon's release. Defendant conspired to murder four people. He has served only

6

twenty-three years of his thirty-five-year sentence. Marzon's sentence would not reflect the seriousness of his crimes if he were released after serving only two thirds of his term of imprisonment. Further, defendant's disciplinary history in prison suggests a tendency toward violence. His record shows three infractions for possession of a dangerous weapon,[18] as well as two infractions for fighting with another person.[19] His most recent fight was in January of 2021,[20] one month before he filed the present motion.[21] In sum, granting Marzon's motion would not be consistent with the sentencing factors in § 3553(a). *See Shkambi*, 993 F.3d at 393.

Furthermore, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, defendant relies on his health conditions, as well as the risks posed by the COVID-19 pandemic.[22] Specifically, defendant cites his type-2 diabetes, high blood pressure, glaucoma, enlarged prostate, and back injury.[23]

---

18   R. Doc. 345-2 at 2-3.
19   *Id.* at 1-2.
20   *Id.* at 1.
21   R. Doc. 343.
22   *Id.* at 2-3.
23   *Id.*

7

The Court finds that Marzon's five cited health conditions, combined with his generalized fear of COVID-19, do not constitute "extraordinary [or] compelling reasons" warranting compassionate release.  The defendant is only 49 years old,[24] and is generally healthy.  Only two of his cited conditions—diabetes and high blood pressure—are risk factors for severe illness from COVID-19.[25]  Defendant has not submitted, and the Court has not found, any evidence that glaucoma, an enlarged prostate, or back pain increase the risk of severe illness from COVID-19, nor that they otherwise constitute "extraordinary [or] compelling reasons" making compassionate release appropriate.

As to Marzon's diabetes and high blood pressure, the Court finds that these conditions, and the health risks they pose in light of COVID-19, are not "extraordinary and compelling reasons" meriting compassionate release. *See United States v. Terry*, No. 16-101, 2021 WL 4226053, at *4 (E.D. Tex. Sept. 15, 2021) ("In light of its prevalence, diabetes cannot be considered 'extraordinary' in order to merit compassionate release."); *United States v.*

---

[24]   *See* R. Doc. 343-1 at 1 (indicating a date of birth of August 28, 1972).
[25]   Ctrs. for Disease Control & Prevention, *Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers* (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html#anchor_1618433687270.

*Martinez-Arias*, No. 11-598, 2020 WL 5210938, at *3-4 (S.D. Tex. Sept. 1, 2020) (denying compassionate release to a 58-year-old inmate suffering from diabetes, hypertension, and high cholesterol, whose records showed that he had already contracted COVID-19 and did not suffer severe illness); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding that defendant's hypertension did not make his case "extraordinary," because it was "uncertain that he [was] at a significantly higher risk than . . . the general inmate population," and that "nearly half of the adult population in the United States suffers from hypertension").

And to the extent that Marzon raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See Raia*, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). Moreover, as the Fifth Circuit has noted, courts that have granted compassionate release on COVID-related grounds "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434-35. Marzon has many

9

years left in his sentence, and does not present multiple severe health concerns.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __7th__ day of October, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE